Upon the call of the case before the Full Commission, defendants counsel appeared and told the Full Commission that it was his understanding that the plaintiff had died and that his daughter had intended to appear in his behalf. However, no person representing plaintiff appeared and the case was decided upon the records and briefs. Upon proper motion, a proper party will be substituted for William Lytle, deceased.
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick and the briefs. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On September 26, 1998, the date of plaintiffs injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. A set of plaintiffs medical records attached to the parties Pre-Trial Agreement is admitted into evidence.
 EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Ewing are OVERRULED.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was fifty years old. He completed eight years of formal education. His ability to read and write was limited, although he was capable of both skills.
2. Defendant-employer employed plaintiff periodically over a period of years as a painter and sandblaster.
3. On September 26, 1998, defendant-employer assigned plaintiff to work at a dairy farm, sandblasting a dairy barn that was undergoing reconstruction or remodeling. During the evening of the prior day, plaintiff consumed twelve, 12-ounce beers over a period of six hours, as was his custom.
4. When plaintiff awoke the following morning between 7:30 a.m. and 8:00 a.m., he consumed at least three 12-ounce beers before arriving at the work site at approximately 10:30 a.m. He then began sandblasting the dairy barns steel beams. After beginning work, plaintiff continued to consume a number of beers that he or a co-worker brought to the work site.
5. At approximately 3:30 p.m., plaintiff was standing in the bucket of a Bobcat in order to reach an area of steel beam that he could not reach while standing on the scaffolding. Plaintiff was working at a height of between ten and fifteen feet. While working from the bucket, plaintiff fell to the ground, struck his head and lost consciousness. The persons who came to his assistance after his fall were able to detect a strong odor of alcohol on plaintiffs person and his breath.
6. While receiving treatment in the hospital approximately one hour and twenty minutes after his fall, hospital personnel drew a sample of plaintiffs blood. Testing of the sample revealed that plaintiffs blood alcohol level was 0.32%.
7. At the time of his fall, plaintiff was intoxicated due to his voluntary consumption of alcoholic beverages. Plaintiffs voluntary intoxication was the proximate cause of his fall and the injuries he sustained.
8. Neither defendant-employer nor plaintiffs supervisor supplied plaintiff with the alcoholic beverages that caused his intoxication nor were they aware that plaintiff was intoxicated until after the accident.
 ***********
Based upon the foregoing findings of fact and conclusions of law the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. Plaintiffs injuries on September 26, 1998 were proximately caused by his own voluntary intoxication. N.C. Gen. Stat. 97-12.
2. Plaintiff is not entitled to compensation under the North Carolina Workers Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This 27th day of February 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________ RENE RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER